UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Vonzetta Sanders Shaw, ) | Civil Action No.: 5:15-cv-01842-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court following the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Kaymani D. West.[1] Plaintiff, Vonzetta Sanders Shaw, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commission of Social Security ("the Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act. The Magistrate Judge recommended reversing the Administrative Law Judge's decision and remanding the case for further administrative action.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for DIB in April of 2012, alleging disability as of November 4, 2011. The applications were denied initially and on reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before the ALJ on July 18, 2013. Plaintiff, represented by counsel, appeared and testified. A vocational expert also testified. The

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2).

ALJ issued a decision on August 30, 2013, finding that Plaintiff was not disabled. The ALJ's findings are as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since November 4, 2011, the alleged onset date (20 C.F.R. 404.1571 *et seq.*).

3. The claimant has the following severe impairments: morbid obesity and non-insulin dependent diabetes mellitus with neuropathy (20 C.F.R. 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except she must be allowed liberal opportunity to alternate between sitting and standing at will, and can frequently but not constantly use her bilateral lower extremities for foot controls. She can frequently use her bilateral upper extremities for fine and gross manipulations, and must avoid environmental irritants such as fumes, dust, chemicals, noxious odors, and poor ventilation. Lastly, the claimant must avoid workplace hazards such as unprotected heights or dangerous, moving machinery.

6. The claimant is capable of performing past relevant work as a phlebotomist. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565).

> 7. The claimant has not been under a disability, as defined in the Social Security Act, from November 4, 2011, through the date of this decision (20 C.F.R. 404.1520(f)).

[ALJ Decision, ECF #10-2, at 22-29, Tr. 21-28].

On March 4, 2015, after finding that the ALJ did not adequately address the opinions set forth in medical source statements dated December 18, 2011, the Appeals Council issued its own decision adopting the ALJ's findings that Plaintiff was not disabled and was capable of returning to her past relevant work. Plaintiff filed this action on April 30, 2015, seeking judicial review of the Commissioner's decision. [Compl., ECF #1]. Both Plaintiff and Defendant filed briefs, [ECF ## 12, 13 & 14]. The Magistrate Judge issued her Report and Recommendation ("R&R") on June 22, 2016, recommending that the Commissioner's decision be reversed and remanded for further administrative consideration. [R&R, ECF #17]. Defendant filed timely objections to the R&R on July 11, 2016. [Defendant's Objections, ECF #19]. Plaintiff filed a response to Defendant's objections on July 25, 2016. [ECF #22].

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v.*

*Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## APPLICABLE LAW

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.\* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the

existence of work "in significant numbers in the national economy" that the individual can perform. *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966.  If an assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it then becomes necessary to determine whether the claimant can perform some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1).  Appendix 2 of Subpart P governs the interrelation between these vocational factors.  Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined (1) whether the claimant currently has gainful employment, (2) whether he suffers from a severe physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are met, the impairment prevents him from returning to previous work, and (5) whether the impairment prevents him from performing some other available work.

### ANALYSIS

In this appeal, Plaintiff argues: 1) the Appeals Council failed to consider all of her impairments in combination; 2) the Appeals Council failed to make specific findings of fact regarding the physical and mental demands of Plaintiff's past relevant work as required by SSR 82-62; and 3) the Appeals Council failed to consider all of the opinions and findings of Plaintiff's treating physician, Dr. Richard Mills.  The Magistrate Judge rejected Plaintiff's first and third arguments finding that: 1) the Appeals Council did not fail to consider all of Plaintiff's impairments in combination based on its adoption and modification of the ALJ's findings; and 2) Dr. Richard Mills' June 7, 2012 opinion was duplicative of his other opinions and any error in the Appeals Council's failure to consider Dr. Mills' June 7, 2012 opinion was harmless.  However, the

Magistrate Judge agreed with the Plaintiff that the Appeals Council erred in failing to make specific findings of fact regarding the physical and mental demands of Plaintiff's past relevant work. The Magistrate Judge recommended reversing the Commissioner's decision and remanding the case so that proper findings could be made regarding the job demands of a phlebotomist and Plaintiff's ability to return to past relevant work.

Plaintiff did not object to the Magistrate Judge's findings and recommendations concerning her arguments that the Appeals Council failed to consider her impairments in combination and failed to consider the June 7, 2012 opinion of Dr. Mills. Finding no clear error, the Court adopts those portions of the Magistrate Judge's R&R without objection.

Defendant filed objections to the Magistrate Judge's finding that the Appeals Council failed to make specific findings of fact regarding the physical and mental demands of Plaintiff's past relevant work. Defendant argues that the requirements of SSR 82-62 have been satisfied and the ALJ and Appeals Council's determination that Plaintiff could perform her past relevant work is supported by substantial evidence. Defendant argues that this case is materially indistinguishable from *Hamm v. Colvin*, No. 4:14-cv-03590-RBH, 2016 WL 536742 (D.S.C. 2016), wherein this Court found the ALJ met the requirements of SSR 82-62 by relying on and adopting the vocational expert's testimony. Defendant also argues that to the extent the ALJ and Appeals Council erred, the error is harmless because the record contains Plaintiff's description of her past job demands. Plaintiff responds that the vocational expert's testimony cannot be used to support the Commissioner's decision because the vocational expert's testimony did not address the mental demands of Plaintiff's past work as a phlebotomist.

Social Security Ruling 82-62 provides, in part, that, "[i]n finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:

1. A finding of fact as to the individual's RFC.

2. A finding of fact as to the physical and mental demands of the past job/occupation.

3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation."

SSR 82-62. In 2003, the Regulations were amended to provide expressly for reliance on the testimony of a vocational expert in determining whether a claimant is able to perform his past relevant work. *Se*e 68 F.R. 51153, 2003 WL 22001943 (26 Aug. 2003) (adding (b)(2) to 20 C.F.R. § 404.1560). The relevant provision reads:

> We may use the services of vocational experts or vocational specialists, or other resources, such as the [DOT] and its companion volumes and supplements [e.g., Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SOC") ], published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your [RFC]. A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

20 C.F.R. § 404.1560(b)(2). Thus, an ALJ may properly rely on the testimony of a vocational expert in lieu of himself describing the physical and mental demands of the past job. *See, e.g., Collier v. Astrue*, No. 7:11–CV–68–D, 2012 WL 3095099, at *11 (E.D.N.C.22 June 2012), mem. & recomm. adopted by 2012 WL 3095325 (30 July 2012); *Lybrand v. Astrue*, No. 3:10–2293–JFA–JRM, 2012 WL 762092, at *4 (D.S.C. 8 Feb. 2012), rep. & recomm. adopted by 2012 WL 762088 (7 Mar. 2012).

In *Hamm*, Plaintiff argued that the ALJ failed to meet the requirements of SSR 82-62 by failing to make specific findings of fact regarding the physical and mental demands of Plaintiff's past relevant work. This Court found, however, that the requirements of SSR 82-62 had been met by the ALJ's reliance on and adoption of the vocational expert's testimony regarding the demands of Plaintiff's past relevant work. *Hamm*, 2016 WL 536742, at *4. In *Hamm*, the ALJ's decision summarized and specifically referenced the vocational expert's testimony. The ALJ's decision also referenced the hypothetical posed to the vocational expert of whether a person with the physical and mental limitations imposed by the claimant's medical impairment could meet the demands of the claimant's previous work as performed in the national economy. The ALJ's decision stated that the vocational expert testified that a person with the claimant's impairments could return to his past relevant work. The ALJ stated in her decision that she found the vocational expert's testimony to be fully credible and adopted his findings.

In the instant case, unlike *Hamm*, neither the ALJ or the Appeals Council's decisions contained any reference to the vocational expert's testimony or the vocational expert's findings regarding the demands of Plaintiff's past relevant work. While it is true that an ALJ may rely on the vocational expert's testimony to make findings regarding the demands of past relevant work, the

9

Court cannot conclude that there was any such reliance on vocational expert testimony in this case because the ALJ and Appeals Council's written decisions make no reference to a vocational expert.[2] The ALJ's fourth step assessment of Plaintiff's ability to perform her past relevant work as a phlebotomist was insufficient because it failed to make specific factual findings on the record regarding the job's physical and mental demands. The Appeals Council's decision did not address or supplement the ALJ's findings in this regard. As a result, the decisions of the ALJ and Appeals Council are deficient according to SSR 82-62 and cannot be adequately reviewed by this Court. The Court agrees with the Magistrate Judge that this case should be remanded so that proper findings may be made regarding the job demands of a phlebotomist and Plaintiff's ability to return to past relevant work.

  Defendant also argues that any error in failing to make specific findings as to the demands of past relevant work is harmless when the record evidence contains the claimant's description of those job demands. Defendant argues that because Plaintiff described the duties of her job as a phlebotomist in her hearing testimony and work history report, the ALJ and Appeals Council's error is harmless. Despite Defendant's arguments to the contrary, Plaintiff's testimony (Tr. 41-43) and work history report (Tr. 233-34), however, do not appear to contain adequate descriptions of the physical or mental demands of Plaintiff's job as a phlebotomist. The Commissioner's error cannot be considered harmless on that basis.

---

[2]  Even if the ALJ had referred to and adopted the vocational expert's testimony regarding the demands of Plaintiff's past relevant work, the Court agrees with the Plaintiff that the vocational expert failed to adequately address the mental demands of Plaintiff's work as a phlebotomist.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, the briefs, the Magistrate Judge's R&R, Defendant's objections to the R&R, Plaintiff's response, and applicable law. For the foregoing reasons, the Court overrules Defendant's objections [ECF #19] and respectfully adopts and incorporates by reference the Magistrate Judge's R&R [ECF #17]. The Commissioner's decision is hereby **REVERSED and REMANDED for further administrative consideration of the physical and mental demands of Plaintiff's past relevant work and whether Plaintiff is capable of performing her past relevant work.**

    IT IS SO ORDERED.

August 26, 2016                                                 s/ R. Bryan Harwell
Florence, South Carolina                           R. Bryan Harwell
                                                                       United States District Judge